ARCH'D R. MASON, by his next friend, FOSTER MASON v. RACHEL McCORMICK, Adm'r., and others.

The next friend of an infant plaintiff is not a party to the suit. A party must be named as such in the process; and no person is a proper party, who has no interest in the subject of the action.

One who is next friend, and also surety for the prosecution, has a certain "legal interest which might be affected by the event of the action," being liable for costs if the plaintiff fails to recover; and this interest renders him incompetent to testify as to any transaction or communication with a party deceased.

This was a CIVIL ACTION, for the recovery of land, tried in the Superior Court of CUMBERLAND County, at Spring Term, 1876, before his Honor, Judge BUXTON.

The case was decided in this Court, upon only one of the exceptions taken by the appellants in the Court below, where it was heard fully upon its merits ; and the facts pertinent to the point decided here, are fully stated in the opinion of the Court.

To the reception of certain evidence offered by the plaintiff, the defendants objected ; and upon the evidence being allowed to be introduced by his Honor, the defendants excepted and appealed.

*Guthrie, Fuller & Ashe,* and *Neill McKay,* for appellants.
*Wright & Ray,* contra.

RODMAN, J. This action was brought by the present plaintiff, who was then an infant, but at the time of the trial of full age, by his next friend, Foster Mason, who is surety to the prosecution bond, against Duncan McCormick, who was deceased at the time of the trial. The present defendants are his heirs, having been made parties since his death.

Foster Mason was allowed, after objection by defendants,

to testify to a conversation between him and the deceased ancestor of the defendants, in which the deceased said: "What did you enter so much land for? There was not as much as you entered, and you won't get as much as you thought you would, though there was some vacant land there."

The defendants insisted that this was incompetent under sec. 343 of C. C. P., because:

1. The witness was a party to the action. We think the authorities cited for the plaintiff show that the next friend of an infant plaintiff is not a party. A party must be named as such in the process, and no person is a proper party who has no interest in the subject of the action.

2. He had as next friend, and as surety to the prosecution, a certain "legal interest which might be affected by the event of the action," because he was liable for costs if the plaintiff failed to recover.

That the witness had such an interest, and that it might be thus affected, must be admitted. At common law, he would have been incompetent by reason of such interest. *Buie* v. *Wooten,* 7 Jones, 441; 1 Greenl. Ev., sec. 402.

The plaintiff, however, contends that the interest to be affected must be one in the subject-matter of the action, as distinct from an interest in the event of it. The words of the section, following those quoted, by speaking of the interest as one which may have "been transferred or come to the party," "nor any assignor of anything in controversy," &c., do imply that the interest spoken of *in those words,* is one in the subject of the action. But they do not necessarily contradict or qualify the generality of the preceding words, "that no party to the action, nor any person who has a legal or equitable interest to be affected by the event of the action, nor," &c., "shall be examined in regard to any transaction or communication between such witness, and a person at the time of such examination deceased,"

&c. If the words quoted were intended, as we think they were, to exclude all persons interested, it might still be thought necessary to add the words following, in reference to persons who did have an interest in the subject of the action. We construe section 343 as having a double object: first, to admit parties to testify except against deceased persons, &c.; and second, to make an exception to the generality of section 342, by which exception, interested persons were forbidden to testify as to transactions with a deceased, &c. Our construction, however, is founded less on the words of the section than on what seems to be its general object and policy, viz: to forbid persons, whose interest might induce them to speak falsely, from testifying as to a transaction, &c., with a deceased person, who might, if living, contradict them. In this view of the policy of the section, it can make no difference whether the interest is in the event of the action, or in its subject. The temptation and the danger are the same in both cases.

Nor was the evidence rendered competent by any evidence introduced by defendants of the declarations of the deceased respecting the corners of his land. His statements, testified to by McDuffie, the Surveyor, were not received as evidence that the corners were as he claimed, or of any fact in dispute, but only to show his *claims*, and to explain why the Surveyor ran such lines. We think the evidence was incompetent, and regret that the expensive litigation about so small a subject, must be prolonged by another trial; and especially, as it is probable that the incompetent evidence had but little influence on the verdict. We cannot, however, say it had none.

It may be that on another trial there will be no occasion for the other exceptions of the defendant. As, however, we have a clear opinion on them, it is well enough to say that none of them can be sustained.

The verdict of the jury could be rendered certain by as-

certaining the length of the lines bounding the area, in respect to which the jury gave damages. It is true, that it is always better and more convenient where it is possible, for the verdict to fix absolutely the amount of damages by finding a certain sum. Because, in case of a difference between the parties on the return of the Surveyor's report, it might be necessary to try the issue as to the area, by a jury, thus adding to the expense. But there is nothing to forbid the course taken by the Judge.

The Judge did not err in saying that there was evidence that the poplar in the branch was a corner of the 120-acre grant; and that if the jury found it was a corner, the line would stop there without going on to the Williams line, which was very indefinitely located. *Cansler* v. *Fite,* 5 Jones, 424, does not apply, because the Williams line was not located by any evidence. *Carson* v. *Burnett,* 1 Dev. & Bat., 546 ; *Dula* v. *McGhee,* 12 Ired., 332.

We also agree that the call in the 120-acre grant for the Williams line as being at the poplar, did not tend to prove that it was in fact there. *Sasser* v. *Herring,* 3 Dev., 340.

PER CURIAM. Judgment reversed and *venire de novo.* Let this opinion be certified.