W. W. PEEBLES, Assignee, v. W. L. STANLEY, Executor.

*Witness--Transaction with Deceased Person.*

1. In an action on a bond against the executor of a deceased obligor, the principal obligor is a competent witness to prove the execution of the bond by the defendant's testator.
2. Concerning C. C. P. § 343, a general rule may be stated, viz: In all cases except where the proposed evidence is as to a transaction, &c., with a person deceased, &c., the common law disqualifications of being a party and of interest in the event of the action are removed; but as to such transactions, &c., the disqualifications are preserved, with the added one not known to the common law;—that if the witness ever had an interest, upon the question of his competency, it is to be considered as existing at the trial.

(*Mason* v. *McCormick*, 75 N. C. 263 ; *Lewis* v. *Fort*, *Ibid*, 251, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1877, of NORTHAMPTON Superior Court, before *Buxton, J.*

This action was brought on a bond under seal purporting to have been executed by one John S. Harris as principal

and the defendant's testator, John Stanley as surety. The defendant denied the execution of the bond by his testator. The plaintiff then introduced said Harris as a witness who testified that Stanley did execute the bond. The defendant objected to this evidence. Objection overruled. Verdict and judgment for plaintiff. Appeal by defendant.

*Messrs. W. W. Peebles* and *J. B. Batchelor*, for plaintiff.
*Messrs. D. A. Barnes* and *R. B. Peebles*, for defendant.

RODMAN, J. The only question is, was Harris, the principal in the note sued on, a competent witness to prove its execution by John Stanley, who appeared to be a co-obligor, and who at the time of the trial was deceased. It depends on C. C. P. § 343. He was certainly offered to prove a transaction with a person deceased and he was not a party to the action. At the time of the trial (having been discharged as a bankrupt) he had no interest in the event of the action. So the general question is reduced to this:—Had he ever had an interest in the event of the action which but for his bankruptcy would have existed at the trial? We think he never had such an interest. Putting his bankruptcy out of view as not affecting the case, he was in any event liable to the plaintiff (as he did not deny,) and if the defendant should pay the debt he would be liable to him for the debt and costs. His interest was only in the costs and in that point of view it was with the defendant.

In *Mason v. McCormick*, 75 N. C. 263, it was held that the interest to exclude a witness under C. C. P. § 343, must be an interest in the event of the action. The witness in that case had no interest in the subject matter of the action, but he was surety to the plaintiff on the prosecution bond and thus had an interest in the event, and he was held excluded from proving a transaction with a deceased defendant.

PEEBLES *v.* STANLEY.

The case of *Lewis* v. *Fort*, 75 N. C. 251, is distinguishable from this. That was an action brought on a note given to the guardian of the plaintiff and assigned by the guardian (who was deceased at the time of the trial) to the plaintiff. The note was made by Bardin as principal and the defendant as his surety. Bardin was not a party to the action, and the defendant offered him as a witness to prove that the note had been paid by him to the guardian in his life time. This Court held him incompetent to prove a transaction with the deceased guardian, because he was evidently interested in the result of the action and his interest was to defeat a recovery by the plaintiff. It is very convenient to have a general rule tersely expressed, but it is difficult to express one.

It seems to me however that from a comparison of the Code with all the decisions upon section 343, a general rule may be stated thus : In all cases except where the proposed evidence is as to a transaction, &c., with a person deceased, &c., the common law disqualifications of being a party and of interest in the event of the action are removed. But as to such transactions, &c., the disqualifications are preserved, with the added one not known to the common law ;—that if the witness ever had an interest, upon the question of his competency it is to be considered as existing at the trial.

PER CURIAM.                    Judgment affirmed.