MARTHA C. MEBANE v. MARIA A. MEBANE.

*Practice—Mortgage—Decree—Parties—Excusable neglect.*

1. A decree of sale in an action to foreclose a mortgage should, first, fix a reasonable time within which the mortgagor may redeem, and second, require the commissioner to report the bid made at the sale, which confers no right on the purchaser until confirmed by the court and an order for title made and executed. It is an inter-locutory decree, and subject to the control of the court.

2. In an action to foreclose a mortgage executed by a *feme covert* and her husband upon her separate estate to secure a debt of the husband, the personal representative of the husband (he being deceased) is a neces-sary party.

3. Upon a motion under the Code, § 133, to vacate a judgment rendered in an action to foreclose a mortgage, where it appeared that defen-dant's counsel had not been informed of the nature of the defence on account of his absence and the illness of defendant, and that he had consented to the judgment, supposing the matter to be understood by defendant; that defendant afterwards learning that the debt was larger than she had been led to believe when mortgage was made (by herself and husband, now deceased, upon her separate estate,) em-ployed other counsel to procure an injunction, &c., but stopped the proceedings on the assurance of plaintiff's counsel that no objection would be made to setting aside the judgment on payment of costs ; that the land had been sold under the judgment and bought by the plaintiff ; and that the defendant had a meritorious defence to the action ; *It was held*, that the facts constituted excusable negligence on the part of defendant, and the judgment was properly vacated in the court below.

MEBANE v. MEBANE.

(*Capehart* v. *Biggs*, 77 N. C., 261; *Averett* v. *Ward*, Busb. Eq., 192; *Ashe* v. *Moore*, 2 Mur., 383; *Worth* v. *Gray*, 6 Jones Eq., 4; *Shinn* v. *Smith*, 79 N. C., 310; *Burke* v. *Stokely*, 65 N. C, 569; *Griel* v. *Vernon*, *Ibid.*, 76; *Bradford* v. *Coit*, 77 N. C., 72, cited, commented on and approved.)

MOTION to set aside a judgment heard at Fall Term, 1878, of NEW HANOVER Superior Court, before *McKoy, J.*

This action is brought for the foreclosure of a mortgage and the sale of the land conveyed, by summons returnable to April term, 1878, of the superior court of New Hanover county. The complaint was filed at that term and the defendant appeared by counsel, but no answer was put in and the cause was continued without further action. At June term following under an order of reference then made, the clerk reported the amount of mortgage debt and the judgment was entered up, from the order setting aside which in the court below the appeal is taken. The judgment was prepared by plaintiff's counsel, exhibited for examination to the defendant's counsel, and he making no objection, it was handed to the judge and signed by him. The judgment declares to be due the plaintiff the sum of $9,-589.06 principal and accrued interest on the secured debt, and orders and decrees "that the defendant shall stand absolutely debarred and foreclosed of and from all equity of redemption of, in, and to, the said mortgaged premises," and directs the clerk to proceed to advertise and sell the land, the plaintiff being allowed to bid and become purchaser at the sale, and from its proceeds pay the debt and costs of suit.

Under this order the land was sold to the plaintiff for $3,000, and without report, confirmation, or other order, conveyed by the commissioner to her. At fall term, 1878, the defendant by her verified petition applied to the court and moved that the judgment rendered at June term be set aside and vacated and for leave to put in an answer. Upon

the hearing of the motion the following facts are found by the judge:

The defendant's counsel had no conference with her previous to the entering up the judgment and was not informed of the nature of her defence. He had called to see her on the subject but owing to her illness the interview did not take place. Between April and June terms the counsel was absent from the city (Wilmington) at different times, in all about three weeks, and during the interval the defendant made repeated but unsuccessful efforts to see him and advise him of her defence. The action is between parties whose husbands were brothers, and the counsel hearing that the defendant relied upon her legal incapacity while under coverture to make a valid conveyance of her separate estate to secure debts not her own but her husband's, which he deemed untenable, and inferring from the relationship subsisting between them that the subject matter was understood, made no opposition to the judgment. Conversations had occurred in presence of defendant calculated to mislead her into the belief that the debt secured was for $1000 only, and that without reading or hearing the deed read, she executed it under that belief. The defendant had frequently visited the plaintiff at her house, but neither by her nor her husband was she undeceived as to the true terms of the mortgage. After June term the defendant learned the real facts of the case and employed other counsel to seek relief by injunction, but refrained from suing out the writ, on the assurance of the plaintiff's counsel that no objection would be made to an order setting aside the judgment on defendant's paying the costs. The plaintiff, however, proceeded to have the land sold and became herself the purchaser. The judge finds further that the defendant has a meretorious defence to the action. Upon these facts the judgment was vacated with the proceedings consequent thereon, and from this order the plaintiff appealed.

*Messrs. A. T. & J. London,* for the plaintiff.
*Mr. E. G. Haywood,* for the defendant.

SMITH, C. J. (After stating the case as above.) The mortgage on its face shows the debt to be that of the husband alone, and for which the defendant was in no manner liable, and contains a clause vesting, on the debtor's default, a power of sale in the mortgagee. The aid of this court, while not necessary for the plaintiff's relief, is nevertheless invoked to give effect to this provision. In directing and controlling the exercise of the power, the court will be guided by those rules of equitable proceedings not inconsistent with the deed, which are observed in decrees of foreclosure and sale of property conveyed in mortgages without such power. The judgment in this case does not conform to those rules.

1. The foreclosure is absolute and no time is allowed the mortgagor to pay the debt and redeem : This is not in accordance with the established practice in courts of equity. "The usual course pursued on foreclosure,".says an eminent writer on the law of mortgages, "is for the mortgagee to file his bill praying that an account may be taken of principal and interest, and that the defendant may be decreed to pay the same with costs by a short day to be appointed by the court, and in default thereof he may be foreclosed his equity of redemption," and this time is usually six calendar months. Coot's Law of Mortgages, 492.

In *Clark* v. *Reynolds,* 8 Wallace, 318, a bill for foreclosure was filed in the circuit court of the United States for the district of Kansas, and a decree was entered giving no time to pay and redeem, and making the foreclosure unconditional and absolute at once. In delivering the opinion in the supreme court, Mr. Justice SWAYNE says : " The settled English practice is for the decree to order the amount due to be ascertained and the costs to be taxed, and that upon the payment of both within six months the plaintiff shall

reconvey to the defendant, but in default of payment within the time limited, that the said defendant do stand absolutely debarred and foreclosed of and from all equity of redemption of and in said mortgaged premises. We have been unable to find any English case where in the absence of fraud, a time for redemption was not allowed." And he adds : " In the light of these authorities we are constrained to hold the decree in the case before us *fatally defective*." The judgment under consideration is in almost identical words and falls under like condemnation. So in this state, PEAR-SON, C. J., says : " The decree of sale is always *after reasonable notice* of the decree, say three months, in order to give the mortgagor an opportunity to raise the money and prevent a sale." *Capehart* v. *Biggs*, 77 N. C., 261.

2. No report of the sale is required to be made to the court in order that it may be set aside or confirmed, and title ordered, but this is left to the uncontrolled discretion of the commissioner : This is entirely at variance with the nature of judicial sales. The commissioner acts as the agent of the court and must report to it all his doings in execution of its order. The bid is but a proposition to buy, and, until accepted and sanctioned by the court, confers no right whatever upon the purchaser. The sale is consummated when that sanction is given and an order for title made and executed. This power will not be delegated to the agent who exposes the property to public biddings. 2 Jones' Mort. §§ 1608, 1637; Rorer on Jud. Sales, 55, 58.

3. The debt being due from the defendant's husband alone, his personal representative would seem to be a proper if not necessary party. It is true it has been held in *Averett* v. *Ward*, Busb. Eq., 192, that the personal representative of the mortgagor and debtor is not a necessary party in a bill to foreclose, or for sale of the premises. But the court adds : "In this State the personal representative of the mortgagor may be made a party, but is not a necessary party." The

rule is somewhat differently stated by others.   In Fisher on Mort., 84 Law Lib., 159, it is said:   "The personal representative of a mortgagor is not a necessary party for *foreclosure simply, or redemption*; but if the object of the suit be to *obtain a sale* under the mortgage by way of *trust for sale*, or on the bill of an unpaid vendor of real estate or otherwise,   *   *   the personal representatives of the mortgagor are necessary parties because they are interested in the proceeds of the sale or in the taking of the accounts."   So it is declared that when a wife joins her husband in a mortgage of her own estate and the money is applied for the husband's benefit, the personal estate of the husband will be first applied in payment of the mortgage.   1 Greenl. Cruise, 648.   It would seem to be peculiarly appropriate that the personal representative of the only person owing the debt and interested in reducing its amount should be before the court and be bound by its decree, and thus the measure of his liability to the plaintiff, whose property may be sold to pay it, be definitely ascertained and determined.

We have examined the judgment and pointed out some of its departures from the established usage and practice in courts where the relief here sought is afforded, as bearing upon the question of power and propriety of setting it aside. In form the judgment is self-executing and final, leaving nothing further to be done by the court.   But if it had been drawn in the usual form, it would have been an interlocutory order which is always subject to revision and control. We see no reason why under such circumstances it may not be dealt with and corrected as if it were what it should have been.   The power to modify, change, or vacate an interlocutory order made in the progress of a cause is well settled both upon principle and authority.   Unlike a judgment at law, it may be moulded and shaped to meet the exigencies of each particular case.   *Ashe* v. *Moore*, 2 Mur., 383 ; *Worth* v. *Gray*, 6 Jones' Eq., 4.

4. But a case not unlike ours was before the court at the last term, *Shinn* v. *Smith*, 79 N. C., 310. The facts so far as necessary to the elucidation of the point we are now considering are these: Smith being indebted, he and his wife united in the execution of a deed conveying lands belonging to her as well as to him to secure his indebtedness. Shinn, an outside creditor, brought his suit against the parties to the mortgage to compel a foreclosure, so that the surplus of the proceeds of sale might be applied to his claim. An order was obtained directing a sale, and that the wife's land should be sold first. The manifest effect and purpose of the order were to have the property of the wife, a surety only, applied in exoneration of the lands of the principal debtor, and that his might be subjected to the payment of Shinn's judgment. The wife on being advised of the nature of this order applied to the court and was made a co-defendant. The order of sale was then modified, but as Shinn alleged, still leaving her property in the front rank of responsibility for the debt due to King. On the proper construction of this modified order READE, J., delivering the opinion of the court, says: "If the modified order in unmistakable terms directed the sale of the wife's land to pay the plaintiff's debt for which neither she nor the land was bound, it would have been erroneous."

In the arguments before us the defendant's right to relief is made dependent on § 133, C. C. P., as construed and applied in the numerous adjudications to which our attention was called. It is difficult to deduce any distinct practical principle from them, or to run a well defined line separating those *neglects* that are, from those that are not excusable in the sense of the statute, and hence the facts relied on must be ranged on the one and on the other side of that line, in each case as they arise. The two cases approximating most nearly to the boundary, and on opposite sides of it, are *Burke* v. *Stokely*, 65 N. C., 569, and *Griel* v. *Vernon*,

MEBANE *v.* MEBANE.

*Ibid.,* 76. In the former, it is held that where it appeared that the defendant had written to an attorney to appear for him and the attorney failing to do so, a judgment by default was recovered, and there was no evidence to show that the letter ever reached the attorney, the facts do not constitute excusable negligence. In the latter, an attorney was employed and failed to put in a defence, in consequence of which, judgment by default was entered, and the defendant did not examine the record to see if his defence had been entered. This was decided to be a case of excusable neglect. The distinction is recognised in the recent case of *Bradford* v. *Coit,* 77 N. C., 72, in which READE, J., delivering the opinion, says: " We have said that where a party employs counsel to enter his plea and the counsel neglects it, in consequence of which, judgment is given against the party, it is *excusable neglect* in the party and the judgment may be vacated,"—citing *Griel* v. *Vernon.* We think the present case with its attending circumstances falls within the rule there laid down. Indeed the defendant's equitable claim to have the barrier removed and to be allowed to make what the judge himself declares to be meritorious defence to the action, seems to be conceded in the consent of the plaintiff's counsel to the re-opening the matter upon the simple terms of payment of the costs. If the judgment is to remain and all enquiry into the merits of the controversy suppressed, a serious and irremediable injury may be done to the defendant; while on the contrary if it is vacated the parties will stand on equal terms, and without advantage to either. As was forcibly said in the opinion in *Shinn* v. *Smith,* in reference to the first order of sale: " Whether this was by design or accident, it only needed that the error and injustice should be subsequently called to the attention of the court to induce the court to set aside the interlocutory order of sale, an interlocutory order being always under the control of the court during the pending of the action."

We therefore declare there is no error, and the judgment is affirmed. This will be certified to the court below in order that further proceedings be therein had according to law.

No error. Affirmed.