A. R. MASON v. R. McCORMICK.

*Witness—Under* § 343.

A witness is incompetent, under § 343 of the Code, to testify concerning a transaction with a person deceased, if such witness *ever had an interest* in the event of the action.

(*Peebles* v. *Stanley,* 77 N. C., 243, cited and approved.)

CIVIL ACTION to recover Land tried at Fall Term, 1877, of BLADEN Superior Court, before *Moore, J.*

That part of the case applicable to the point decided is as follows: To establish the location of the land as claimed by plaintiff under certain grants, Foster Mason was allowed to testify what Duncan McCormick told him while owner of the land, and what were the corners as pointed out to him. Defendant objected to the evidence on the ground that McCormick was dead, and that defendant was his devisee of the land in dispute, and that the witness was interested in the event of the action because he had been one of the sureties to the original prosecution bond. Before the trial began, the plaintiff offered another prosecution bond, on which the name of Foster Mason did not appear, to be substituted for the original one, and for the purpose of enabling the plaintiff to use said Foster as a witness. The court allowed the bond to be filed, with permission to withdraw the original and cancel it, overruled the objection and received the testimony of the witness. Verdict for plaintiff, judgment, appeal by defendant.

*Messrs. N. W. Ray* and *T. H. Sutton,* for plaintiff.
*Messrs. Guthrie & Carr* and *N. McKay,* for defendant.

SMITH, C. J. When this cause was before the court at June term, 1876, it was decided that Alexander Mason, a

surety to the prosecution bond, was incompetent as a witness for the plaintiff to testify to a conversation with Duncan McCormick, under whom the present defendants claim title as his devisees. At the last trial, on motion of plaintiff's counsel, the prosecution bond was allowed to be withdrawn and cancelled and another substituted in its place. The interest of the witness, as surety, being thus removed, he was permitted after objection from defendant's counsel to give in evidence a conversation between himself and the testator, in his life time, and proved that Duncan McCormick, while in possession of the land in dispute, pointed out its corners to the witness. The only question raised by the exception is this: Does the removal of the interest of the witness remove also his disqualification to testify to the conversation, and render the evidence competent? The point is directly decided in *Peebles* v. *Stanley*, 77 N. C. 243, and a construction given to the act: RODMAN, J., delivering the opinion refers to and approves the ruling as to the incompetency of the witness in *Mason* v. *McCormick*, 75 N. C., 263, and says: " It seems to me from a comparison of the Code with all the decisions upon § 343, a general rule may be stated thus,—in all cases except where the proposed evidence is as to a transaction, &c., with a person deceased, &c., the common law disqualifications of being a party and of interest in the event of the action are removed. But as to such transactions, &c., the disqualifications are preserved with the added one not known to the common law, that if the witness *ever had an interest, upon the question of his competency, it is to be considered as existing at the trial.*"

There have been many cases, the facts in which required a construction to be put upon the section, and its great length and numerous involutions have greatly perplexed the court in the effort to give it a clear and consistent interpretation. As progress is made in this direction, and one and another of the obscurities of the law are removed, we

are not disposed to re-open controversies which these adjudications settle. It is of great importance that the law should be understood, and except in cases of obvious error, the decisions of this court made after full and careful examination and thought, remain undisturbed. We regard the two cases cited as disposing of the whole question. As this entitles the defendant to a trial before another jury, we do not undertake to pass upon the other exceptions appearing in the record. There is error and we award a *venire de novo.*