### SARAH HAMILTON v. ADOLPHUS MOONEY.

*Liability of Surety on undertaking for Stay of Execution.*

In a proceeding to subject a surety on an undertaking for the stay of execution to payment of residue of plaintiff's judgment, it appeared that the judgment debtor had a large stock of goods which were levied on and sold under various executions and proceeds distributed under an order of court; a part of the goods were demanded by, and delivered to the debtor's assignee in bankruptcy for the benefit of creditors; the levy was made before commencement of bankruptcy proceedings; *Held*, that the goods so delivered to the assignee did not operate as a discharge *pro tanto* of plaintiff's execution; and the surety was held liable under the bond given by him. (Bat. Rev., ch. 63, § 63, and act of 1879, ch. 68).

(*Parker* v. *Jones*, 5 Jones Eq., 276; *Smith* v. *McLeod*, 3 Ired. Eq., 390; *Forbes* v. *Smith*, 5 Ired. Eq., 369; *Nelson* v. *Williams*, 2 Dev. & Bat. Eq., 118; *Kesler* v. *Linker*, 82 N. C., 456, cited and approved.)

MOTION heard at Fall Term, 1879, of RUTHERFORD Superior Court, before *Buxton, J.*

This was a motion for judgment and execution against the defendant surety upon an appeal bond. The facts are stated in the opinion. Motion allowed and the defendant appealed.

*Mr. W. J. Montgomery,* for plaintiff.
*Messrs. Hoke & Hoke,* for defendant.

SMITH, C. J. The plaintiff, on November 16th, 1877, before a justice of the peace, recovered judgment for $220.31, whereof $200 is principal money, against Robert Simpson, James A. Miller and C. E. Guthrie, constituting the partnership firm of Simpson, Miller & Co., who, on their appeal to the superior court, entered into an undertaking for a stay

of execution, with the defendant as their surety, according to the requirements of Battle's Revisal, ch. 63, § 63.

The same judgment was rendered in the superior court, on March 25th, 1878, and execution issued thereon on May 3d following. This, and numerous other executions were levied on a stock of goods belonging to the firm, from the sale of which the sheriff. received $1,496.44 and applied, after paying the costs, the sum of $68.04 to the plaintiff's debt. The present proceeding was then instituted against the defendant, surety to the undertaking on appeal, to subject him to the payment of the residue of the plaintiff's judgment. The defendant denies his liability, alleging that the property levied on was amply sufficient to satisfy the execution, and such was, in law, its effect; and further, that part only of the goods were sold, and the remainder delivered over wrongfully to the assignee in bankruptcy of the said firm, by reason of which, he, the surety, became and is exonerated from all liability upon his said undertaking.

Upon the trial before the court (as we interpret the record) with consent of parties, it was shown that a large stock of goods of the debtors', differently estimated in value, was levied on and sold under various executions, and a part, on the demand of the assignee in bankruptcy of the debtors, delivered by the sheriff to him. That the proceeds of sale were distributed among the executions, under the directions of the judge presiding when they were returned, and whose advice had been sought by the sheriff, after due notice to the creditors; and that the levies were made before the commencement of the proceedings in the bankrupt court. Upon these facts, the court held that the goods surrendered to the assignee for the benefit of the bankrupt's creditors, did not operate as a discharge, *pro tanto*, of the plaintiff's execution, and gave judgment against the defendant for the residue of the plaintiff's debt.

Copies of the various executions that were in the sheriff's

hands, accompanying the transcript, which we infer from the argument were intended to elicit the opinion of the court upon the correctness of the ruling under which the fund was apportioned among the several claimants. But they are not referred to as exhibits in the case; and the decision of the preceding judge passed on, in rendering the judgment, are not now under review. We cannot therefore go outside the record to consider them.

The only matter of law presented in the appeal is the sufficiency of the exception to the ruling, that the goods levied on and surrendered were not a satisfaction of the plaintiff's execution, to the extent, that the proceeds of their sale would have been applicable to it.

While a levy of an execution upon the goods of the debtor is a specific appropriation to, and discharge of, the debt, even when wasted or lost, for the reason that he ought not to be compelled, nor his other property taken, to pay the same debt a second time, yet if the goods have been restored to him, or used in the discharge of his other liabilities, their value does not go in satisfaction of the execution. If this were not so, the same property would discharge two independent debts, and the debtor would be relieved from liabilities in double the amount in value of the property taken. "If a sheriff levies upon personal property," says PEARSON, C. J., in *Parker* v. *Jones*, 5 Jones Eq., 276, "the title is thereby vested in him, and the execution is satisfied, *unless* the property gets back into the possession of the debtor, or is otherwise applied to his use." "The simple act of levying is no satisfaction whether he (the debtor) has been permitted to retain the property by his own misconduct, or by his request, or by the voluntary act of the officer, because neither works any wrong to him." Herman Ex., § 176, and numerous references in notes.

While the liability of the principal debtor remains unimpaired, when the property is restored to him, or other-

wise used for his benefit, the surety is discharged, whenever the creditor surrenders any lien he has acquired on the property, or other security furnished by the debtor, since the property of the latter, being primarily liable, must be applied in exoneration of the surety. *Smith* v. *McLeod,* 3 Ired. Eq., 390; *Forbes* v. *Smith,* 5 Ired. Eq., 369; *Nelson* v. *Williams,* 2. D. & B. Eq., 118.

But the rule does not apply when the creditor does not participate in the misapplication of the fund, nor in any wise assent thereto. *Kesler* v. *Linker,* 82 N. C., 456.

The right to proceed against the surety is not forfeited nor postponed, because there is also a right of action against the officer for his misconduct and breach of official duty. The defendant in express terms contracts " that if judgment be rendered against the appellant and execution thereon be returned unsatisfied in whole or in part, he will pay the amount unsatisfied," the precise contingency that has occurred, and there is nothing in the facts set up as a defence to release him from his obligation. It is not necessary to consider what rights the defendant may have by subrogation against the sheriff for his alleged misfeasance and dereliction in duty, as the question is not referred to us. There is no error and the judgment is affirmed.

No error.                                        Affirmed.