H. C. WHITEHURST v. ISRAEL PETTIPHER and others.

*Ejectment—Location of Boundary—Evidence.*

The declarations of a disinterested person, since deceased, made before a controversy has arisen in reference to private boundaries, are admissible in evidence ; and this rule is not varied by reason of the fact that the party making the declarations was at the time a slave, since if alive he would now be competent to testify.

(*Harris* v. *Powell*, 2 Hay., 349 ; *Gervin* v. *Meredith*, 2 Car. L. Rep., 439 ; *Hartzog* v. *Hubbard*, 2 Dev. & Bat., 241 ; *Dobson* v. *Finley*, 8 Jones, 495 ; *Caldwell* v. *Neely*, 81 N. C., 114 ; *Tabor* v. *Ward*, 83 N. C., 291, cited and approved.)

EJECTMENT tried at Spring Term, 1881, of PAMLICO Superior Court, before *Gilmer, J.*

Appeal by defendants.

No counsel for plaintiff.

*Messrs. L. J. Moore* and *Merrimon & Fuller* for defendants.

SMITH, C. J. The defendant claiming title to the land, for the recovery of which the action is instituted, under a deed executed to him in the year 1841, proposed upon his own examination as a witness for himself to show the position of the beginning corner, under its calls, by the declarations of one Gaskins, then a slave, whose master was in possession of an adjoining tract, as owner, and his pointing out its location. Both master and slave were dead at the time of the trial. The testimony on objection of the plaintiff was refused, and this ruling presents the only question on the appeal.

The rule is well settled by a series of decisions, commencing as far back as the case of *Harris* v. *Powell*, 2 Hay., 349, determined in the year 1805, that in questions relating to private boundary, the declarations of disinterested persons since deceased made before any controversy has arisen, are admissible to show their location. *Gervin* v. *Meredith*, 2 Car. L. Rep., 439 (Battle's edition) ; *Hartzog* v. *Hubbard*, 2

Dev. &. Bat., 241; *Dobson* v. *Finley*, 8 Jones, 495; *Caldwell* v. *Neely*, 81 N. C., 114.

This admitted departure from the general rule which excludes hearsay as evidence of the fact declared, is a necessity growing out of the difficulty of obtaining other and positive proof of the location of boundary marks, and will be heard only when the testimony proceeding from the mouth of a living witness would .be competent. The declaration is received under the conditions mentioned as evidence, instead of the sworn statement for which it is substituted, when the party making it is dead and the evidence would otherwise be lost. It is manifest that if the declarant were alive, and would be allowed to prove the fact to which the declaration relates, the declaration itself may be proved after his death. If then the deceased, were he alive, would be competent to testify to what came to his knowledge when a slave, and this does not admit of doubt, the fruits of that knowledge then acquired and uttered in the hearing of another may be shown by the latter. Nor does it make any difference that the evidence rendered competent by changes in the law, has reference to transactions occuring previously to such changes, and a retroactive effect is ascribed to them. *Tabor* v. *Ward*, 83 N. C., 291,

The record does not disclose the grounds upon which the evidence was rejected, but we assume from the case stated that it was free from any objection which could be made, if the declaration had come from a person at the time competent to testify under the law then in force, and that it is aimed at the legal incapacity incident to the status of a slave when the declaration was made. We do not concur in this view, and in our opinion the true test is, whether the witness still living would be allowed to testify to the locality of the corner designated in the deed, and if so, his substituted declarations are receivable after his death. The principle and the distinction between reputation and hear-

say evidence, as bearing on questions of private boundary, are clearly enunciated by the late Chief Justice in *Dobson* v. *Finley, supra,* and in speaking of the latter, he says: " It is necessary, as a preliminary to its admission, to prove that the person whose statement it is proposed to offer in evidence, is dead, not on the ground that the fact of his being dead gives any additional force to the credibility of his statement, but on the ground that if he be alive, he should be produced as a witness."

If the witness cannot testify, neither can what he said be shown after his decease, for this would be to exclude sworn and admit unsworn statements from the same party to establish an existing fact. With the value of the rejected evidence, we have nothing to do. If it was competent, it was error to exclude it from the jury who alone must give it the weight to which they think it entitled, under the attending circumstances.

It must be declared there is error, and the judgment reversed, the verdict set aside, and a *venire de novo* awarded.

Let this be certified.

Error.                                            *Venire de novo.*