TOBIAS KESLER v. JOHN W. MAUNEY, Administrator.

*Judge's Charge—Witness—Section 590 (343).*

1. There is no evidence in this case that the plaintiff mortgagee agreed to give his attention to securing and applying the crops conveyed as an additional security for his debt, and the court below erred in not so instructing the jury.

2. A witness, principal debtor, in an action by the plaintiff against the estate of his deceased surety, is not disabled by THE CODE, §590 (C. C. P., §343), from testifying for the defendant administrator as to what occurred in a transaction between the plaintiff and the deceased, or as to what the deceased swore on a former trial. And the plaintiff, in his testimony in reply, is restricted to the transaction to which the evidence of the first witness was directed.

(*Macay ex-parte,* 84 N. C., 63; *Whitehurst* v. *Pettipher,* 87 N. C., 179; *Murphy* v. *Ray,* 73 N. C., 588; *Knight* v. *Killebrew,* 86 N. C., 400; *Barnhart* v. *Smith, Ib.,* 473; *Woodhouse* v. *Simmons,* 73 N. C., 30, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of ROWAN Superior Court, before *Gudger, J.*

Verdict and judgment for defendant. Appeal by plaintiff.

*Mr. John S. Henderson,* for plaintiff.
*Messrs. McCorkle & Kluttz,* for defendant.

SMITH, C. J. When this cause was before us on the former appeal, it was held that the defendant, surety to the note in suit, was a guarantor, whose duty it was to see that the debt was paid,

24

and that the collateral security provided in the mortgage by the principal debtor is made available and applied thereto in the absence of any undertaking on the part of the creditor to do so. 82 N. C., 456.

Since the decision and during the progress of the cause in the court below, the defendant died, and the present defendant, who took out letters of administration on his estate, has been substituted in place of his intestate.

On the last trial two issues were submitted to the jury, to each of which an affirmative answer was returned:

1. At the time of the execution of the note and mortgage, was there an agreement between the plaintiff and the intestate Linker that the plaintiff would attend to the securing of the property conveyed in the mortgage?

2. Was the property conveyed in the mortgage lost or destroyed by the negligence of the plaintiff?

When the evidence was concluded, the plaintiff asked the court to charge the jury that there was no evidence of any agreement between the plaintiff and the defendant's intestate that the plaintiff would attend to the securing and appropriating the fund provided in the mortgage. The instruction was refused, and the plaintiff excepted. This and other exceptions to the rulings in receiving and rejecting evidence are presented for review by the plaintiff's appeal.

The mortgage deed was exhibited in evidence, conveying growing crops of wheat, corn and tobacco to the plaintiff, and in form capable of being at once enforced for the payment of the secured debt.

The mortgagor and principal debtor (Lowder) testified that the plaintiff said, at the time when the note was given, he would like to have a mortgage in addition to the surety, Linker, and that the latter then drew the mortgage; that while preparing the instrument he inquired of the plaintiff to whom the property should be conveyed, and the latter answered, "to me, of course"; that Linker did not say that he himself would give attention to

the mortgage; that the property assigned was ample in value to pay the debt, but no effort was made by the plaintiff to get possession and thus apply it.

The same witness was allowed to repeat from memory the testimony of the intestate delivered on the former trial, wherein he swore that the mortgage was to be made to the plaintiff, and after execution was handed to him.

The above testimony was received after objection from the plaintiff as contravening the provisions of section 343 of the Code of Civil Procedure.

M. L. Holmes, introduced by the plaintiff, stated that he wrote the note in suit and heard of no demand for further security; that he represented to the plaintiff the sufficiency of the surety, with which he seemed to be content, and witness assured Linker that the plaintiff was satisfied with him as surety.

The plaintiff, examined on his own behalf, denied having required the mortgage to be given, and offered also to prove by his own oath that neither when the deed was made, nor at any time, did he say he would see to the securing and appropriating the crops to the trusts of the mortgage.    This testimony was rejected for incompetency, and to this ruling the plaintiff also excepted. This was all the evidence adduced in support of the first issue.

The court was asked by counsel of the plaintiff to charge the jury that there was no evidence to warrant the affirmative finding upon the first issue.    This was refused, and after verdict and judgment, the plaintiff appealed.

There is no well founded objection to the testimony of Lowder as to what occurred at the time of the making the mortgage, seen and heard by him; nor does it lie against the reproduction of the testimony given by the intestate at the former trial.    If the witness were alive he would be competent to testify, and the recalling what he before swore to is but a substitute, allowed from necessity, in place of living testimony.    *Macay ex-parte,* 84 N. C., 63;  *Whitehurst* v. *Pettipher,* 87 N. C., 179.

The admission of the evidence, however, authorized the exami-

nation of the plaintiff as to the transaction to which that evidence was directed, by the express words of the concluding clause of section 343. *Murphy* v. *Ray*, 73 N. C., 588; *Knight* v. *Killebrew*, 86 N. C., 400.

But it did not authorize the plaintiff to go further and testify that at no other time did he assume this duty, for though negative, it might be confronted with an affirmative if the intestate were alive, and thus falls under the rule settled in *Woodhouse* v. *Simmons*, 73 N. C., 30.

The blending together of testimony, competent and incompetent, and offering it undivided in a single proposition, takes away from the plaintiff the force of an objection which would lie against the ruling out of the part that by itself was admissible, and error cannot be assigned for the rejection of it as an entirety according to the proper practice. *Elliott* v. *Piersol*, 1 Peters, 328; *Barnhardt* v. *Smith*, 86 N. C., 473.

There was error, in our opinion, in refusing the instruction asked for the plaintiff, and we look in vain for any evidence of the fact, or from which the fact can be deduced, that the plaintiff undertook or agreed with the intestate to look after the mortgage and see that the property conveyed was secured and applied to the mortgage debt. No witness so states, nor are circumstances disclosed in the testimony from which an inference of the plaintiff's assuming this duty can be fairly drawn. There is no pretence that the agreement was entered into at any time except when the mortgage deed was executed, and no one present testifies to its having been then made. The evidence most favorable for the defendant is only that the plaintiff demanded further security from the principal debtor, and when asked, directed the assignment to be made to himself, without any declaration of the use to be made of it.

For this error there must be a new trial, and it is so adjudged. Let this be certified.

Error.                                        *Venire de novo.*