This action was brought for the purpose of recovering a debt of $156 alleged to be due by G. A. McGowan to the plaintiff by open account, and of foreclosing a deed of trust given by G. A. McGowan and his wife, the defendant L. A. McGowan, to secure the payment of the same, the defendant J.R. Davenport being (527) named in the deed as trustee. The deed of trust had been cancelled on the margin of the registry by the trustee in accordance with the statute. The plaintiff demanded judgment against Mrs. L. A. McGowan for the amount of the debt, that the cancellation of the deed of trust be set aside, that a foreclosure of the trust be ordered and the property sold for the payment of the debt. The defendants pleaded that the debt had been fully paid and satisfied, and that therefore the cancellation had been properly entered, and they introduced evidence to establish their plea.
The jury, under the evidence and instructions of the court, found (1) that the debt was contracted by G. A. McGowan and not by L. A. McGowan; (2) that it had not been paid; (3) that *Page 383 
L. A. McGowan, at the time of the execution of the deed, was the wife of G. A. McGowan, and (4) that the land conveyed by the deed was her separate property. The defendants moved for a new trial upon exceptions stated. The motion was overruled, and the defendants excepted.
Upon the verdict the court adjudged that G. A. McGowan owed the debt, and that the cancellation of the deed was wrongfully made, and is not valid as against the plaintiff, and that the land be sold by a commissioner of the court for the purpose of paying the debt. The court further adjudged that the costs of the action be taxed against the defendants. To this judgment the defendants excepted and appealed.
In order to prove that the debt had not been paid the plaintiffs introduced as a witness John C. McGowan, who was permitted, over the defendant's objection, to testify that G. A. McGowan, who was then dead, had told him that he had not paid the debt. The testimony of the witness, to which exception was duly taken, was hearsay and nothing else, and its admission was error.Lawrence v. Hyman, 79 N.C. 209; Gidney (528)v. Moore, 86 N.C. 491; Henry v. Willard,73 N.C. 35. This entitles the defendant to a new trial, but as the case goes back, and as the other questions discussed before us upon the exceptions may again be presented, we will consider and pass upon them.
The plaintiff was permitted to testify that the debt had not been paid. It must be conceded that this testimony necessarily related to a personal transaction with the deceased, who was principal in the note, as it involved the idea that the deceased had not paid the debt to the plaintiff (Simpson v. Simpson, 107 N.C. 552); but it is said that the representative of G. A. McGowan, who was the principal, is not a party to the action, and the other defendants do not derive any title or interest from, through or under him. While G. A. McGowan had no title to the land the defendant Davenport, who is the trustee in the deed, could not have acquired any right, title or interest unless G. A. McGowan had executed the deed with his wife. His execution of the deed, in other words, was required in order to convey the title to Davenport. The latter therefore, within the spirit and meaning if not within the letter of section 590 of the Code, derived his interest from, through or under him. But this Court has decided that testimony like this is incompetent for another reason closely allied to the one we have just stated. The defendant L. A. McGowan, wife of G. A. McGowan, was but a surety for her husband (Shinn v. Smith, 79 N.C. 310), and if a recovery is had against her she will have her action over *Page 384 
against her husband's estate for exoneration. Lewis v. Fort,75 N.C. 251. Any testimony therefore which makes against her will, in a material respect and in the same degree, though indirectly, affect her husband's estate. The plaintiff being a party and directly interested in the result, was incompetent to give this testimony. This has been expressly decided. In Bryant v. Morris, (529) 69 N.C. 444, the plaintiff sued the surety of a deceased constable on his official bond, and proposed himself to testify as to communications and transactions between himself and the constable, whose representative was not a party to the action, for the purpose of charging the defendant, the surety. He was held to be incompetent under section 343 of C. C. P., now section 590 of the Code, on account of the relation of the parties. The Court said: "If the plaintiff had sued the administrator of the dead constable he could not have testified as to any transaction between him and the deceased so as to affect his estate. C. C. P., sec. 343. But the defendant is not sued as administrator but as surety to the dead constable, and the question is whether the plaintiff can testify as to transactions between himself and the deceased which affect the defendant as his surety. It is said that he ought not to be allowed to do this because whatever he recovers of the defendant as surety the defendant can recover of the estate of the deceased constable. This would seem to be so, and therefore to allow the evidence against the surety is to allow it indirectly against the principal, which is the evil meant to be guarded against by the exception in the statute. So that while the objection to the evidence is not within the letter it is within the spirit
of the statute." No two cases could be more alike in their essential features than the one we have cited and the case at bar. The principle underlying the decision in Bryant v. Morris, supra, was recognized and applied in Lewis v. Fort, supra, where it is held that a judgment against the surety is at least evidence against the principal for the surety.
The rule to be deduced from these authorities is that the surety, who comes not within the letter but within the intendment of the law, stands in the same position and is entitled to the same protection under section 590 of the Code as the (530) representative of his deceased principal when sued. Hawkins v. Carpenter, 85 N.C. 484.
The case of Bryant v. Morris had careful consideration by a court of exceptional ability, one of the justices having been a member of the commission which prepared and framed the Code of Civil Procedure. It was decided some time after section 343 (now 590) became a law, and at a time when that section had *Page 385 
frequently been under consideration by this Court, and when it was, as we are inclined to think, quite as well understood as it is now. The case has never been overruled nor questioned as a precedent, but on the contrary has been cited with approval, as we will presently show. The principle it lays down being a just and reasonable one, we do not see why the case should not continue to be accepted as an authority.
It is well settled, we are told, that a party to an action is a competent witness under section 590 of the Code as to a transaction or communication with a deceased person when the personal representative of the deceased, or any person who derives a title or an interest through or under him, is not a party to the action. This is true in some cases, but not in a case like the one at bar, and the authorities cited do not sustain the proposition as to such a case. In Shields v. Smith, 79 N.C. 517, which is much relied on, Hyman, the deceased, was not the principal of any of the defendants, and his estate was not liable over to them or any of them. There was no such privity or connection between them and Hyman as would affect his estate by the judgment in the action. Besides, Mr. JusticeReade wrote the opinion of the Court in Shields v. Smith and also in Bryantv. Morris, and we can hardly presume that he was inadvertent to the decision in the latter case, and intended to overrule it without even referring to it in Shields v. Smith.
In Hawkins v. Carpenter, 85 N.C. 482 (decided some time after Shields v. Smith), the Court expressly recognizes (531) the decision in Bryant v. Morris as authority upon the facts therein disclosed, and distinguishes it from the case then under consideration by the fact that the transaction was not with the person since deceased but with an heir at law. Besides, the case of Hawkinsv. Carpenter is clearly not in point for the purpose of sustaining the proposition, because the defendants had opened the door by proving a transaction with Durham, and the plaintiff was merely permitted to reply in regard to the same transaction. This came within the exception in the statute. The case is really an authority for the view we have taken of the testimony of the plaintiff McGowan, and has already been cited in this opinion as sustaining it. In Gidney v. Moore, 86 N.C. 484, the defendants proved a transaction, not with the person since deceased, but with his agent; and in Morgan v. Bunting, 86 N.C. 66, the defendant proved a transaction, not with the intestate of the plaintiff, but with her father, who was in no way connected with the action and had no interest near or remote therein. In Bunn v. Todd, 107 N.C. 266, the witness, by whom it was proposed to prove the transaction *Page 386 
with the person since deceased, was not a party to the suit nor interested in the event of it, nor did she ever have any such interest. The facts of Ledbetter v. Graham, 122 N.C. 753, are substantially like those in this suit, but that case was disposed of by a per curiam order, without a written opinion, upon the authority of Shields v. Smith and Bunn v. Todd, neither of which, as we have seen, sustains the ruling, as the facts in the last two cases were materially different from those in Ledbetterv. Graham. We have never regarded a decision by per curiam
order as a binding precedent. It merely declares the law of the particular case, and surely it should not have the effect of overruling a previous decision based on a well-considered (532) opinion, and especially when the latter was not commented on or even cited by the Court.
We are of the opinion that the witness John C. McGowan was disqualified under section 590 to testify that the principal in the debt (G. A. McGowan), then deceased, had admitted to him that the same had not been paid. The witness was a surety on the prosecution bond in this case, and was, by every authority upon the subject, interested in the event of the action. One who is a surety for the prosecution has a certain legal interest which might be affected by the event or result of the action, being liable for costs if the plaintiff fails to recover, and this interest renders him incompetent to testify as to any transaction or communication with the party deceased, the same as if he were himself a party to the action. This principle was settled in Mason v. McCormick, 75 N.C. 263, which has repeatedly been affirmed. Peebles v. Stanley, 77 N.C. 243;Mason v. McCormick, 80 N.C. 244. In Peebles v.Stanley the witness was a co-obligor and testified against his own interest. It is suggested that the witness was not incompetent because, as surety on the prosecution bond, he could in no event be liable to the estate of the deceased for the costs of the action. This is a misconception of the true reason for the disqualification of the witness. The question is not whether he is liable to the representative of the deceased, who is not a party, or to any particular person, but whether the suit may so eventuate as to make him liable for the costs to anybody who is a party and against whose interests he testifies. If the plaintiff fails, the witness will be liable as surety to the defendant for the costs, and is for that reason interested, and he testifies against the defendant, and consequently in favor of his own interest. It is further suggested that the defendant L. A. McGowan was permitted to testify as (533) to the payment, and it would be unfair not to let the plaintiff do likewise. But the question must be decided according to the law *Page 387 
and without regard to any principle of fairness, and in the statute it is plainly and explicitly provided that when one party testifies to a transaction or communication with the deceased the other party may also testify, but only concerning the same transaction or communication. To permit the witness to go beyond this would be a distinct violation of the statute. Kesler v. Mauney, 89 N.C. 369; Sumner v. Candler, 92 N.C. 634;Burnett v. Savage, 92 N.C. 10; Bunn v. Todd, 107 N.C. 266; Clark's Code (3 Ed.), sec. 590, p. 850, and cases cited.
It may be well to refer to the other question mentioned in the case, namely, whether the representative of a deceased mortgagor or trustor is a necessary party to a suit for foreclosure. It would seem on reason and principle, if not on authority, that he is. In Avirett v. Ward, 45 N.C. 192, it was held that he was a proper but not a necessary party. A case precisely like this in its facts is Mebane v. Mebane, 80 N.C. 34, in which it appeared that the wife had joined with her husband in conveying her land in trust to pay his debt. The husband died and a suit to foreclose the mortgage was brought by the creditor against the widow. The Court referred to and criticized the case of Avirett v. Ward, and practically overruled it by holding that the representative of the deceased husband was a necessary party. In the later case of Fraser v.Bean, 96 N.C. 327, it is said that the administrator of the mortgagor is not a necessary party, but the Court simply refers toAvirett v. Ward without noticing the case of Mebane v.Mebane. In the face of the decision in Fraser v. Bean the case of Mebane v. Mebane may yet be sustained upon its peculiar facts, namely, that the wife, as in our case, was but a surety for the husband, and if her property should be taken to pay his debt she would be entitled to recover over against his (534) estate and to have his property first subjected to its payment, and upon these facts the Court laid much stress in Mebane v.Mebane, though it also stated broadly and as a general principle that the representative of the mortgagor is a necessary party. The facts in Avirettv. Ward and Fraser v. Bean were not the same as in Mebane v. Mebane and the case at bar. There was error in the rulings of the court as herein stated, for which there must be another trial.
New trial.