J. B. COLT COMPANY v. J. F. MARTIN AND HIS WIFE, COTTIE MARTIN.

(Filed 23 September, 1931.)

**Judgments K b—Upon motion to set aside judgment under C. S., 600, judgment upon facts found that neglect was excusable was not error.**

In this case held: upon the facts found by the Superior Court judge on appeal from the clerk upon a motion to set aside a judgment for surprise and excusable neglect under C. S., 600, judgment that the neglect of the defendant was excusable is not error.

STACY, C. J., dissenting.

APPEAL by plaintiff from *Moore, Special Judge,* at June Term, 1931, of MARTIN. Affirmed.

This is an action to recover on notes executed by defendants, and payable to plaintiff. The action was begun on 2 January, 1931. The summons and verified complaint were duly served on defendants on 5 January, 1931.

Neither of the defendants appeared and demurred to or answered the complaint within thirty days after the service of the summons. On 2 March, 1931, on motion of plaintiff, judgment by default final was rendered by the clerk of the Superior Court of Martin County. On 10 March, 1931, defendants having learned that judgment had been rendered against them in this action, caused notice to be served on the attorney of record for plaintiff of their motion that the judgment be set aside and vacated under C. S., 600. This motion was heard, and on 11 May, 1931, the clerk, having found that the neglect of defendants to file an answer to the complaint was excusable and that defendants have a meritorious defense to the cause of action alleged in the complaint, rendered judgment, setting aside and vacating the judgment by default final. From this judgment, plaintiff appealed to the judge of the Superior Court of Martin County.

At the hearing of the appeal, the judge heard and considered the evidence, and approved the findings of fact set out in the judgment of the clerk. On these facts, judgment was rendered, affirming the judg-

BENDER *v.* TEL. CO.

ment of the clerk, and setting aside and vacating the judgment by default final. From this judgment, plaintiff appealed to the Supreme Court.

*J. W. Bailey for plaintiff.*
*A. R. Dunning for defendants.*

PER CURIAM. The only assignment of error in plaintiff's appeal to this Court is founded on its exception to the judgment rendered by Judge Moore. There is no error in this judgment. It is supported by the findings of fact set out therein.

The neglect of the defendants to appear and file an answer to the complaint within thirty days after service of the summons, as required by statute, C. S., 509, is admitted; the only question involved in defendants' motion is whether such neglect was excusable within the meaning of C. S., 600.

As said by *Smith, C. J.,* in *Mebane v. Mebane,* 80 N. C., 34, it is difficult to deduce from the decisions of this Court any distinct practical principle, or to run a well-defined line separating those neglects that are, from those that are not excusable, in the sense of the statute, and hence the facts relied on must be ranged on one or the other side of the line in each case. In this case, there was no error in the conclusions of the judge, from the facts found by him, that the neglect of defendants is excusable. The judgment is therefore

Affirmed.

STACY, C. J., dissenting.