E. D. HAWKINS, Adm'r, v. J. H. CARPENTER and others.

*Evidence under Section* 343—*Transaction with Person Deceased.*

A party to an action is not incompetent under section 343 of the Code to testify to a transaction between the witness and a person deceased at the time of such examination, where the representative of the deceased is not a party to the suit. *Held further:* where the defendant opens the door by his own evidence as to such transactions, the matter is set at large, and the plaintiff's contradictory testimony becomes competent.

(*Bryant* v. *Morris*, 69 N. C. 444; *Shields* v. *Smith*, 79 N. C. 517; *Murphy* v. *Ray*, 73 N. C. 588, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1880, of RUTHERFORD Superior Court, before *Seymour, J.*

Judgment for plaintiff, appeal by the defendants.

*Mr. J. F. Hoke*, for plaintiff.
*Mr. D. G. Fowle*, for defendants.

SMITH, C. J.   The plaintiff, administrator *de bonis non* of Robert Scruggs, brings this action against the defendants, the sureties to the administration bond of M. Durham, the former administrator, to recover a balance of $112 in his hands ascertained and reported by auditing commissioners. The defendants in their answer, not denying the indebtedness of their principal, allege that it has been paid, and they are no longer liable therefor.   To sustain this defence they introduced as a witness W. C. Durham, one of the heirs at law of the intestate, M. Durham, and proved a conversation with the plaintiff, in which he stated that he had taken the note of Plato Durham, another heir at law and since deceased, in full discharge of what was due upon the said administration account.

In reply the plaintiff was allowed, after objection made and overruled, to testify and say, that Plato Durham gave him *no note but an obligation* to pay him one hundred dollars when his ancestor's lands should be sold, and it was not accepted in discharge, but on condition of full payment; that no payment had been made, and the estate of Plato Durham was insolvent.

The exception to the competency of the plaintiff to thus testify presents the only matter for consideration upon the appeal.

The declaration is offered and received as an admission of the alleged pre-existent fact of payment, and relates to a *transaction between the plaintiff and a deceased heir at law of the intestate,* whose sureties only are sued, and the evidence comes from another heir at law.   The case does not come within the operation of the disabling proviso of section 343 of the Code.   The act prohibits the examination of a party to the action, and certain others specified, " in regard to any transaction between such witness and a person at the time deceased, insane or lunatic, as a witness against a party then prosecuting or defending the action, as executor, adminis-

trator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or as assignee or committee of such insane person, or lunatic, when such examination," &c., neither of which relations do the defendants sustain towards the deceased party with whom the transaction deposed to occurred. If the sureties, "not within the letter," but within the spirit of the statute, possess the same right as does the representative of their deceased principal when sued, to make the objection, as is held in *Bryant* v. *Morris*, 69 N. C., 444, the objection would not prevail, because the transaction was, not between the witness and the intestate, but between the witness and one of his heirs at law, and is not embraced in the prohibitory proviso. The very point is decided in *Shields* v. *Smith*, 79 N. C., 517, and the testimony declared admissible because the representative of the deceased person between whom and the defendant testifying, the transaction took place, was not a party to the action.

The competency of the explanatory and rebutting evidence may be considered in another aspect. The defendants offer the plaintiff's admissions to show that the indebtedness upon the former administration had been discharged by his acceptance of the personal obligation of one of the heirs, and thus they open the door for a full inquiry into the facts of the transaction, and render the plaintiff a competent witness in regard to them, by the concluding clause of the section. This is ruled in *Murphy* v. *Ray*, 73 N. C., 588. There, the defendant had proved cruel acts of mistreatment, and undue influence practiced by the plaintiff towards his intestate, and the plaintiff was permitted to explain and contradict the testimony. "When the defendant thus opened the door by his own evidence," say the court, "the matter was set at large and the plaintiff's rebutting and contradictory testimony became competent by the express provision of section 343." There is no error, and the judgment is affirmed.

No error. Affirmed.