S. T. MORGAN, Adm'r, v. J. N. BUNTING and others.

*Witness—Bond prior to 1868—Section 343.*

1. The act of 1879, ch. 183, which renders incompetent as a witness a party to an action " on any bond for the payment of money, or conditioned to pay money," executed prior to August 1st, 1868, does not apply to official bonds to secure fidelity in the discharge of duty, but is confined to money obligations to pay a fixed sum.

2. A party to a suit is not disqualified as a witness by section 343 of the Code, to speak of transactions with a deceased agent of a deceased principal.

(*Tabor* v. *Ward*, 83 N. C., 291; *Howerton* v. *Lattimer*, 68 N. C., 370; *Shields* v. *Smith*, 79 N. C., 517; *Hawkins* v. *Carpenter*, 85 N. C., 482; *McCanless* v. *Reynolds*, 74 N. C., 301; *McLeary* v. *Norment*, 84 N. C., 235, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of WAKE Superior Court, before *Schenck, J.*

S. D. Morgan died in 1864, and William Laws was appointed his administrator and died in 1871, before making a final settlement of the estate, but he had obtained judgment against divers parties indebted to his intestate, upon which executions were issued and money paid to the defendant, Bunting, as clerk of the superior court. Soon after the appointment of the plaintiff, S. T. Morgan, as administrator *de bonis non* of the intestate, in 1879, he made demand of the defendant for the money received by him as aforesaid, but the same has never been paid, and thereupon the plaintiff brought this action on the official bond of said Bunting.

On the trial the defendant, Bunting, was offered as a witness for himself and his sureties, to prove that he paid the amount of said judgments to the attorney of record of William Laws; the said attorney died before this suit was brought. The plaintiff objected, and the court held the witness incompetent. Verdict for plaintiff, judgment, appeal by defendants.

*Messrs. Gilliam & Gatling* and *Walter Clark,* for plaintiff.
*Messrs. Hinsdale & Devereux, Argo & Wilder* and *Reade, Busbee & Busbee* for defendants.

SMITH, C. J. The action is on the official bond executed by the defendant Bunting on his qualification as clerk of the superior court in July, 1868, and the other defendants, his sureties, to recover several sums of money due the intestate, collected under executions and paid into office during the former administration. To sustain the defence the said Bunting was offered as a witness on behalf of himself and the other defendants to prove payments made to the attorney of record of the first administrator, since deceased,

and on objection was held to be incompetent to give the proposed testimony.

This ruling and the exception thereto present the only question for solution on the appeal. The action of the court is supported in the argument before us upon two grounds: first, the testimony is excluded by the act of 1879, ch. 183 ; and secondly, it is within the prohibition of the proviso in section 343 of the Code.

1. The act of 1879 renders a party to the action incompetent as a witness, in an action " founded on any judgment rendered previous to the 1st day of August, 1868, or on any bond under seal for the payment of money or conditioned to pay money," executed previous to that date, thus restricting its operation not only to obligations incurred before that time, but also to such as are for the *payment of money*. The statute contemplates such judgments and such bonds as are for a specific and ascertained sum of money, expressed upon their face, or in case of penal bonds, expressed in the condition.

The bond sued on is not one of this class, but is intended to secure diligence and fidelity in the discharge of official duties. Although in the condition he is required among other things to " account for and pay over, according to law all moneys and effects which have come, or may come, into his hands, by virtue or color of his office," (C. C. P., § 137,) yet these are unascertained sums, and are recovered as damages assessed for the breach of the obligation, and the bond is not, nor is the condition, an absolute undertaking to pay a fixed sum, or in the words of the statute, " for the payment of money." As all judgments not of this class are excluded, so are all bonds executed for other purposes ; the object of the enactment being as stated in *Tabor* v. *Ward*, 83 N. C., 291, to exclude the testimony of parties to a suit on these causes of action, and prevent its being used to rebut the presumption of payment, and hence in terms it is confined to money obligations as distinguished from others.

2. Nor is the refusal to admit the evidence warranted by the proviso in section 343.

A party to the action, and the others specified, are not allowed to be " examined in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, as a *witness against a party then prosecuting or defending as executor, administrator*," and the other designated persons in privity with the deceased. The testimony is not rendered inadmissible generally, but only when offered against the representative of a deceased party (and the others specified, associated with or succeeding him in interest) who are " then prosecuting or defending the action in one of these capacities.

This interpretation is put upon the statute, and such is its obvious meaning, in *Howerton* v. *Lattimer*, 68 N. C., 370; *Shields* v. *Smith*, 79 N. C., 517, and *Hawkins* v. *Carpenter*, 85 N. C., 482.

In the former of these cases the defendant was permitted to testify as to his own transactions with a deceased agent of the plaintiff, and RODMAN, J., having quoted the clause in the proviso, the substance of which has been recited, adds: " The plaintiff is not prosecuting this action in any of these characters. It may seem that the plaintiff comes within the mischief intended to be remedied. Whether that be so or not, we would not be justified in extending the scope of the act to include the case of a principal of a deceased agent, upon any conjecture that the legislature would have included such a case, if it had occurred to them."

This construction is in accordance with the rulings in the courts of New York upon a similar act which we have borrowed from the Code of that state.

In *Coller* v. *Wenner*, 45 Barb., 397, the defendant was allowed to prove usury in the consideration of a note executed by him to one Jacob Coller, and endorsed after maturity to John Coller, his son, both of whom were dead, in an action

prosecuted by the executor of the assignee to recover the money due, and this testimony was received because it was not used against the representative of the payee, as a party to the suit. But the point is expressly adjudicated in the recent case of *Hildebrand* v. *Crawford*, 65 N. Y., 107, where both principal and agent were dead. The court declared that " while the declarations and transactions of Kellogg as agent, might bind his principal, it is impossible to discover how conversations and transactions with him, as agent, can be brought within section 329 of the Code, as conversations and transactions with his principal, so that in case of his death, they could not be proved by a party in an action seeking to enforce the obligations resulting therefrom. We are not at liberty to add to the enactment cases not within its terms, because we may think them within the spirit of the act, and are cases to which the remedy may seem to be equally applicable."

The transactions meant in the statute are *personal transactions*, to which the deceased, if alive, might testify, and its policy as declared by Chief Justice PEARSON in *McCanless* v. *Reynolds*, 74 N. C., 301, and reiterated in *McLeary* v. *Norment*, 84 N. C., 235, is, that unless both parties to a transaction can be heard on oath, a party to an action is not a competent witness in regard to the transaction.

If the deceased principal were living, he would not know and could not tell what occurred between his agent and another, and as the agent's death does not suppress the evidence, it follows that the defendant, Bunting, is not disqualified, and the ruling by which his testimony was excluded is erroneous in law.

The judgment is therefore reversed, and this will be certified to the end that the verdict be set aside and a *venire de novo* awarded, and it is so ordered.

Error.                                    *Venire de novo.*