W. J. BURNETT, Adm'r, v. JANE F. SAVAGE, Ex'trix.

### *Evidence—Code, section* 590.

Where an executor or administrator is examined in his own behalf, concerning a transaction or conversation with his decedent, the other party to the action is competent to testify concerning the same transaction or communication.

(*Hawkins* v. *Carpenter*, 85 N. C., 482, *and Murphy* v. *Ray*, 73 N. C., 588, cited and approved).

This was a civil action tried before *Gilmer, Judge*, and a jury at Spring Term, 1883, of EDGECOMBE Superior Court.

The action was brought by the plaintiff to recover the value of his services rendered the defendant's testatrix for several years preceding her death in managing her farm, &c.

The plaintiff introduced evidence to show that he had rendered her such service, in the general supervision and management of her farm; and that the said farm had been managed previous to his undertaking the management by John Savage, a grandson of the testatrix, who was paid by her three hundred dollars a year for his services, and that the service rendered by the plaintiff was worth as much as that rendered by the said John Savage.

The defendant then introduced witnesses who testified that plaintiff's services were not worth as much as claimed by him. The defendant then took the stand and gave evidence in her own behalf in substance as follows:

That she had often heard plaintiff say that he was going and had gone to his grandmother's (the defendant's testatrix), to live with her as long as she lived; that she had heard her testatrix, tell the plaintiff to do small services about the place, that she was supporting him and his family, and feeding his horse, and that he would not do anything for her; and that she had heard her testatrix say often at other times when the plaintiff was not present, that the plaintiff's services were worth nothing, and that she had not agreed to pay him anything.

The plaintiff then offered himself as a witness and was requested by his counsel to state the terms of his contract with the defendant's testatrix and everything connected with their transactions in the matter. The defendant objected to the plaintiff's giving such testimony, but the court overruled the objection, and the plaintiff testified that the testatrix told him when he first went to her place, that she would pay him what his services were worth; that she would pay him for what she could hire another man.

To the admission of this evidence the defendant excepted. The exception was overruled and the defendant appealed.

*Messrs. Haywood & Haywood, R. B. Peebles, J. L. Bridgers, Jr.,* and *Dossey Battle,* for the plaintiff.
*Messrs. Pruden & Vann,* for the defendant.

ASHE, J., after stating the case: The only question presented by the record is, did his Honor commit an error in admitting the evidence given by the plaintiff and excepted to by the defendant. We are of the opinion he did not. It is provided by section 590 of The Code that a party to a suit interested in the suit shall not be examined as a witness in his own behalf against the executor of a deceased person, concerning a personal transaction or communication between the witness and the deceased person. But to this there is an exception, when the executor is examined in his own behalf concerning the same transaction or communication. In such a case the defendant opened the door by his own

evidence as to such transaction; the matter is set at large and the plaintiff's contradictory testimony becomes competent. *Hawkins* v. *Carpenter*, 85 N. C., 482; *Murphy* v. *Ray*, 73 N. C., 588.

The ruling of the court below was so manifestly correct as not to admit of a doubt. There is no error.

The judgment of the superior court is affirmed.

No error.                                                     Affirmed.