ELVADA BUNN et al. v. M. G. TODD, Adm'r, et al.

*Witness—The Code, § 590—Evidence.*

1. *The Code,* §589, abolishes the common law incompetency of witnesses on account of interest (with the restrictions contained in section 590), except in the special cases provided for by sections 580 and 588.
2. An interest in the thing in controversy does not disqualify a witness to testify as to a communication with one deceased. The disqualifying interest is an interest in the event of the action. *Mull* v. *Martin,* 85 N. C., 406, approved.
3. Discussion by CLARK, J., of *The Code,* §590.

This was a CIVIL ACTION, tried before *MacRae, J.,* at February Term, 1890, of WAKE Superior Court.

The plaintiff seeks to recover of the estate of the defendant's intestate the value of her share of the crop belonging to her father, which, she alleges, her grandfather, defendant's intestate, had received and had agreed to hold in trust for her. Plaintiff's mother, who had received the other part of said crop, was offered as a witness to prove the admissions of the deceased as to the receipt of the property by him for and in behalf of the plaintiff. The evidence was ruled out. Plaintiff took a nonsuit, and appealed.

*Messrs. W. N. Jones* and *J. N. Holding,* for plaintiff.
No counsel *contra.*

CLARK, J.: Section 589 of *The Code* broadly sweeps away the common law incompetency of witnesses on account of interest. Section 590 contains the only restrictions in civil cases (except in the special cases provided for by sections 580 and 588) upon the competency of witnesses. It disqualifies—

*Whom*—1. Parties to the action.

2. Persons interested in the event of the action.

3. Persons through or under whom the persons in the first two classes derive their title or interest.

A witness belonging to one of these three classes is incompetent only in the following cases:

*When*—To testify in behalf of himself, or the person succeeding to his title or interest, against the representative of a deceased person, or committee of a lunatic, or any one deriving his title or interest through them.

And the disqualification of such person, and in such instances, is restricted to the following:

*Subject-matter*—A personal transaction or communication between the witness and the person since deceased or lunatic.

And even in those cases there are the following

*Exceptions.*—When the representative of, or person claiming through or under the deceased person or lunatic, is examined in his own behalf, or the testimony of the deceased person or lunatic is given in evidence concerning the same transaction. *Burnett* v. *Savage,* 92 N. C., 10; *Sumner* v. *Candler,* 92 N. C., 634

Originally this section (then section 343 of The Code of Civil Procedure) disqualified a fourth class of persons, *i. e.,* those who have had an interest in the subject-matter of the suit, but whose interest has since ceased. This disqualification did not exist at common law, and was struck out of this section by the Code of 1883, except in the cases in which such persons still come under the third class of disqualified persons above stated.

To except a witness from the general rule of section 589, rendering witnesses competent, all these things must concur. If the witness does not belong to one of the three classes named, or, when belonging to one of them, if the testimony is not in behalf of the living, against the representative of a

dead man or lunatic (or one claiming under him), or if the subject-matter is not that made incompetent for such witness in such instances to testify in regard to—if either of these circumstances is lacking, the evidence can be heard. And even when all these circumstances combine, and the witness belongs to one of the classes named, and the instance when and the subject-matter all come within the terms of the section (590), still the evidence can be heard if it comes within the exceptions mentioned in the section above stated.

Apply the above classification to the question asked the witness. The *instance* (against a dead person's representative and in behalf of the living), and the *subject-matter* (a communication between the witness and a person deceased), all come within section 590. But the third element is wanting. The witness does not belong to any one of the three classes of persons disqualified to testify. She is not (1) a party to the suit, nor (2) is she shown to be interested in the event of the action, nor (3) does any person belonging to the above two classes claim title under or through her. That she had a claim to the other part of the crop of her husband than that the proceeds of which the plaintiff claims the deceased held in trust for her does not disqualify. *Mull* v. *Martin*, 85 N. C., 406.

The witness was, therefore, competent to testify, and the evidence was improperly excluded.

*Per Curiam.*                                    Error.