### LUTON v. BADHAM.

(Filed September 10, 1901.)

WITNESSES—*The Code, Sec. 590—Transactions With Decedents.*

> In an action by an administratrix to recover for improvements put on lot of defendant under parol contract to convey it to intestate, the defendant can not testify as to such contract, she not having been a witness, nor having offered the evidence of her intestate.

ACTION by Margaret Luton, administratrix of A. Badham, against Hannibal Badham, heard by Judge *O. H. Allen* and a jury, at Spring Term, 1901, of CHOWAN County Superior Court. From a judgment for the defendant, the plaintiff appealed.

*W. J. Leary, Sr.,* and *Busbee & Busbee,* for the plaintiff.
*Shepherd & Shepherd,* and *Pruden & Pruden,* for the defendant.

FURCHES, C. J. The only question involved in this appeal is the admission of evidence of the defendant under section 590 of The Code.

The action is by the administratrix of Alexander Badham, to recover the value of improvements put upon a lot belonging to the defendant, under a parol promise to convey the same to her intestate. For the purpose of establishing the parol promise, the plaintiff had introduced several witnesses, but had not been a witness herself, nor had she offered the evidence of her intestate.

The defendant was then introduced in his own behalf and "was asked if he, at any time during the life of Alex. Badham (intestate), promised him to convey the land described in the complaint, if he would go on it and improve it. Plaintiff objected. The Court sustained the objection, but permitted the witness to be asked concerning any promise made to his deceased son, as testified to under objection of defendant by plaintiff's witnesses.

"The witness Hannibal Badham (defendant) then testified that he had never made any such statements or promises to his son as was testified to by the plaintiff's witnesses. To the admission of this evidence the plaintiff excepted."

We are of the opinion that there was error in admitting the evidence objected to, and sustain the plaintiff's exception. *Sumner v. Candler,* 92 N. C., 634; *Bunn v. Todd,* 107 N. C., 266.

The case of *Gilmore v. Gilmore,* 86 N. C., 301, principally relied upon by defendant, does not involve section 590 of The Code, and is not in point.

New trial.