McGowan *v.* Davenport.

McGOWAN v. DAVENPORT.

(Filed March 29, 1904).

1. HEARSAY EVIDENCE—*Evidence—Mortgages.*

Where a *feme covert* gives a mortgage on her separate estate to secure the debt of her husband and the husband dies, in an action to foreclose the mortgage a statement of the husband that the debt had not been paid is not competent.

2. WITNESSES—*Evidence—The Code, sec. 590—Mortgages.*

In an action to foreclose a mortgage given by a *feme covert* to secure a debt of her husband, the mortgagee is not competent to testify that the debt has not been paid, the husband being dead.

3. PARTIES—*Mortgages—Foreclosure of Mortgages.*

The representative of a deceased mortgagor who joined with his wife in giving a mortgage on the wife's separate property is a necessary party to a suit against the widow and trustee for foreclosure of the mortgage.

ACTION by E. L. McGowan against J. R. Davenport and others, heard by *Judge Frederick Moore* and a jury, at November Term, 1903, of the Superior· Court of PITT County. From a judgment for the plaintiff the defendants appealed.

No counsel for the plaintiff.
*Skinner & Whedbee,* for the defendants.

WALKER, J. This action was brought for the purpose of recovering a debt of $156 alleged to be due by G. A. McGowan to the plaintiff by open account, and of foreclosing a deed of trust given by G. A. McGowan and his wife, the defendant L. A. McGowan, to secure the payment of the

same, the defendant J. R. Davenport being named in the
deed as trustee.   The deed of trust had been cancelled on
the margin of the registry by the trustee in accordance with
the statute.   The plaintiff demanded judgment against
Mrs. L. A. McGowan for the amount of the debt, that the
cancellation of the deed of trust be set aside, that a fore-
closure of the trust be ordered and the property sold for
the payment of the debt.   The defendants pleaded that the
debt had been fully paid and satisfied, and that therefore the
cancellation had been properly entered, and they introduced
evidence to establish their plea.

The jury, under the evidence and instructions of the
Court, found (1) that the debt was contracted by G. A.
McGowan and not by L. A. McGowan; (2) that it had not
been paid; (3) that L. A. McGowan, at the time of the
execution of the deed, was the wife of G. A. McGowan,
and (4) that the land conveyed by the deed was her separate
property.   The defendants moved for a new trial upon ex-
ceptions stated.   The motion was overruled and the de-
fendants excepted.

Upon the verdict, the Court adjudged that G. A. Mc-
Gowan owed the debt, and that the cancellation of the deed
was wrongfully made and is not valid as against the plain-
tiff, and that the land be sold by a commissioner of the Court
for the purpose of paying the debt.   The Court further
adjudged that the costs of the action be taxed against the
defendants.   To this judgment the defendants excepted and
appealed.

In order to prove that the debt had not been paid, the
plaintiffs introduced as a witness John C. McGowan, who
was permitted, over the defendant's objection, to testify
that G. A. McGowan, who was then dead, had told him that
he had not paid the debt.   The testimony of the witness,
to which exception was duly taken, was hearsay and nothing

else, and its admission was error. *Lawrence v. Hyman,* 79 N. C., 209; *Gidney v. Moore,* 86 N. C., 491; *Henry v. Willard,* 73 N. C., 35. This entitles the defendant to a new trial, but as the case goes back, and as the other questions discussed before us upon the exceptions may again be presented, we will consider and pass upon them.

The plaintiff was permitted to testify that the debt had not been paid. It must be conceded that this testimony necessarily related to a personal ' transaction with the deceased, who was principal in the note, as it involved the idea that the deceased had not paid the debt to the plaintiff (*Simpson v. Simpson,* 107 N. C., 552), but it is said that the representative of G. A. McGowan, who was the principal, is not a party to the action, and the other defendants do not derive any title or interest from, through or under him. While G. A. McGowan had no title to the land, the defendant Davenport, who is the trustee in the deed, could not have acquired any right, title or interest, unless G. A. McGowan had executed the deed with his wife. His execution of the deed, in other words, was required in order to convey the title to Davenport. The latter therefore, within the spirit and meaning, if not within the letter, of section 590 of The Code, derived his interest from, through or under him. But this Court has decided that testimony like this is incompetent for another reason closely allied to the one we have just stated. The defendant L. A. McGowan, wife of G. A. McGowan, was but a surety for her husband (*Shinn v. Smith,* 79 N. C., 310), and, if a recovery is had against her, she will have her action over against her husband's estate for exoneration. *Lewis v. Fort,* 75 N. C., 251. Any testimony therefore which makes against her, will, in a material respect and in the same degree, though indirectly, affect her husband's estate. The plaintiff being a party and directly interested in the result, was incompetent to give this

testimony. This has been expressly decided. In *Bryant v. Morris,* 69 N. C., 444, the plaintiff sued the surety of a deceased constable on his official bond, and proposed himself to testify as to communications and transactions between himself and ᵣthe constable, whose representative was not a party to the action, for the purpose of charging the defendant, the surety. He was held to be incompetent under section 343 of C. C. P., now section 590 of The Code, on account of the relation of the parties. The Court said: "If the plaintiff had sued the administrator of the dead constable, he could not have testified as to any transaction between him and the deceased so as to affect his estate. C. C. P., section 343. But the defendant is not sued as administrator but as surety to the dead ·constable, and the question is whether the plaintiff can testify as to transactions between himself and the deceased which affect the defendant as his surety. It is said that he ought not to be allowed to do this, because whatever he recovers of the defendant as surety, the defendant can recover of the estate of the deceased constable. This would seem to be so, and therefore to allow the evidence against the surety is to allow it indirectly against the principal, which is the evil meant to be guarded against by the exception in the statute. So that while the objection to the evidence is not within the *letter,* it is within the *spirit* of the statute." No two cases could be more alike in their essential features than the one we have cited and the case at bar. The principle underlying the decision in *Bryant v. Morris, supra,* was recognized and applied in *Lewis v. Fort, supra,* where it is held that a judgment against the surety is, at least, evidence against the principal for the surety.

The rule to be deduced from these authorities is that the surety, who comes not within the letter but within the intendment of the law, stands in the same position and is

entitled to the same protection under section 590 of The
Code as the representative of his deceased principal when
sued. *Hawkins v. Carpenter,* 85 N. C., 484.

The case of *Bryant v. Morris* had careful consideration
by a court of exceptional ability, one of the justices having
been a member of the commission which prepared and
framed The Code of Civil Procedure. It was decided
sometime after section 343 (now 590) became a law, and
at a time when that section had frequently been under con-
sideration by this Court, and when it was, as we are in-
clined to think, quite as well understood as it is now. The
case has never been overruled nor questioned as a precedent,
but, on the contrary, has been cited with approval, as we
will presently show. The principle it lays down being a
just and reasonable one, we do not see why the case should
not continue to be accepted as an authority.

It is well settled, we are told, that a party to an action is
a competent witness under section 590 of The Code as to a
transaction or communication with a deceased person when
the personal representative of the deceased, or any person
who derives a title or an interest through or under him,
is not a party to the action. This is true in some cases,
but not in a case like the one at bar, and the authorities cited
do not sustain the proposition as to such a case. In *Shields
v. Smith,* 79 N. C., 517, which is much relied on, Hyman,
the deceased, was not the principal of any of the defendants,
and his estate was not liable over to them or any of them.
There was no such privity or connection between them and
Hyman as would affect his estate by the judgment in the
action. . Besides, *Mr. Justice Reade* wrote the opinion of
the Court in *Shields v. Smith* and also in *Bryant v. Morris,*
and we can hardly presume that he was inadvertent to the
decision in the latter case and intended to overrule it with-
out even referring to it in *Shields v. Smith.*

In *Hawkins v. Carpenter,* 85 N. C., 482 (decided some time after *Shields v. Smith*) the Court expressly recognizes the decision in *Bryant v. Morris* as authority upon the facts therein disclosed, and distinguishes it from the case then under consideration by the fact that the transaction was not with the person since deceased but with an heir at law. Besides, the case of *Hawkins v. Carpenter* is clearly not in point for the purpose of sustaining the proposition, because the defendants had opened the door by proving a transaction with Durham, and the plaintiff was merely permitted to reply in regard to the *same* transaction. This came within the exception in the statute. The case is really an authority for the view we have taken of the testimony of the plaintiff McGowan, and has already been cited in this opinion as sustaining it. In *Gidney v. Moore,* 86 N. C., 484, the defendants proved a transaction, not with the person since deceased, but with his agent; and in *Morgan v. Bunting,* 86 N. C., 66, the defendant proved a transaction, not with the intestate of the plaintiff, but with her father, who was in no way connected with the action and had no interest near or remote therein. In *Bunn v. Todd,* 107 N. C., 266, the witness, by whom it was proposed to prove the transaction with the person since deceased, was not a party to the suit nor interested in the event of it, nor did she ever have any such interest. The facts of *Ledbetter v. Graham,* 122 N. C., 753, are substantially like those in this suit, but that case was disposed of by a *per curiam* order, without a written opinion, upon the authority of *Shields v. Smith* and *Bunn v. Todd,* neither of which, as we have seen, sustains the ruling, as the facts in the last two cases were materially different from those in *Ledbetter v. Graham.* We have never regarded a decision by *per curiam* order as a binding precedent. It merely declares the law of the particular case, and surely it should not have the effect of

overruling a previous decision based on a well-considered opinion, and especially when the latter was not commented on or even cited by the Court.

We are of the opinion that the witness John C. McGowan was disqualified under section 590 to testify that the principal in the debt (G. A. McGowan), then deceased, had admitted to him that the same had not been paid. The witness was a surety on the prosecution bond in this case, and was, by every authority upon the subject, interested in the event of the action. One who is a surety for the prosecution has a certain legal interest which might be affected by the event or result of the action, being liable for costs if the plaintiff fails to recover, and this interest renders him incompetent to testify as to any transaction or communication with the party deceased, the same as if he were himself a party to the action. This principle was settled in *Mason v. McCormick,* 75 N. C., 263, which has repeatedly been affirmed. *Peebles v. Stanley,* 77 N. C., 243; *Mason v. McCormick,* 80 N. C., 244. In *Peebles v. Stanley,* the witness was a co-obligor and testified against his own interest. It is suggested that the witness was not incompetent because, as surety on the prosecution bond, he could in no event be liable to the estate of the deceased for the costs of the action. This is a misconception of the true reason for the disqualification of the witness. The question is not whether he is liable to the representative of the deceased, who is not a party, or to any particular person, but whether the suit may so eventuate as to make him liable for the costs to anybody who is a party and against whose interests he testifies. If the plaintiff fails, the witness will be liable as surety to the defendant for the costs, and is for that reason interested, and he testifies against the defendant and consequently in favor of his own interest. It is further suggested that the defendant L. A. McGowan was permitted to testify as to

the payment, and it would be unfair not to let the plaintiff do likewise. But the question must be decided according to the law and without regard to any principle of fairness, and, in the statute, it is plainly and explicitly provided that when one party testifies to a transaction or communication with the deceased, the other party may also testify, but only concerning the *same* transaction or communication. To permit the witness to go beyond this would be a distinct violation of the statute. *Kesler v. Mauney,* 89 N. C., 369; *Sumner v. Candler,* 92 N. C., 634; *Burnett v. Savage,* 92 N. C., 10; *Bunn v. Todd,* 107 N. C., 266; Clark's Code (3 Ed.), section 590, p. 850 and cases cited.

It may be well to refer to the other question mentioned in the case, namely, whether the representative of a deceased mortgagor or trustor is a necessary party to a suit for foreclosure. It would seem on reason and principle, if not on authority, that he is. In *Avirett v. Ward,* 45 N. C., 192, it was held that he was a proper but not a necessary party. A case precisely like this in its facts is *Mebane v. Mebane,* 80 N. C., 34, in which it appeared that the wife had joined with her husband in conveying her land in trust to pay his debt. The husband died and a suit to foreclose the mortgage was brought by the creditor against the widow. The Court referred to and criticised the case of *Avirett v. Ward* and practically overruled it by holding that the representative of the deceased husband was a necessary party. In the later case of *Fraser v. Bean,* 96 N. C., 327, it is said that the administrator of the mortgagor is not a necessary party, but the Court simply refers to *Avirett v. Ward* without noticing the case of *Mebane v. Mebane.* In the face of the decision in *Fraser v. Bean,* the case of *Mebane v. Mebane* may yet be sustained upon its peculiar facts, namely, that the wife, as in our case, was but a surety for the husband, and, if her property should be taken to pay his debt she

McGOWAN v. DAVENPORT.

would be entitled to recover over against his estate and to have his property first subjected to its payment, and upon these facts the Court laid much stress in *Mebane v. Mebane,* though it also stated broadly and as a general principle that the representative of the mortgagor is a necessary party. The facts in *Avirett v. Ward* and *Fraser v. Bean* were not the same as in *Mebane v. Mebane* and the case at bar. There was error in the rulings of the Court as herein stated, for which there must be another trial.

New Trial.

CLARK, C. J., concurring in result. G. A. McGowan and wife L. A. McGowan, October 6, 1897, executed a deed in trust to J. R. Davenport upon the land in question, the property of L. A. McGowan, to secure certain indebtedness therein recited to be owing by G. A. McGowan and L. A. McGowan, among them this indebtedness to the plaintiff by open account for $156.60 for borrowed money, as stated in said deed and trust. G. A. McGowan has died and all the other indebtedness secured in the trust deed has been paid. This is an action alleging non-payment of this debt, that the trustee has refused to foreclose the said trust but has cancelled the deed in trust on the margin of the registration thereof, and asks for a judgment against L. A. McGowan and to set aside the attempted cancellation, and for foreclosure and payment of the debt out of the proceeds. The jury having found that the indebtedness was owing by G. A. McGowan and that it had not been paid, the Court gave no personal judgment against L. A. McGowan, but ordered a foreclosure of the trust deed and payment of the sum therein secured to the plaintiff out of the proceeds of sale.

It is well said in the opinion of *Mr. Justice Walker,* "the question must be decided according to the law and without

regard to any principle of fairness," or as *Judge Daniel* said, long ago, "We can not be wiser than the law." The law is explicit. It provides, The Code, section 589, *"No person* offered as a witness, shall be excluded by reason of his interest *in the event of the action."* Section 590, excludes a party, etc., to the action, in his own behalf, etc., only when testifying as to a personal transaction with a person deceased, and then only "against the personal representative of the deceased person" or against the person succeeding to the title of the deceased.

Here the personal representative of the deceased is not a party to the action nor does the defendant succeed to his title. *Q. E. D.* The deceased never had any title to be conveyed. Had he survived his wife he might have been tenant by the curtesy if she had not devised the property away. It was barely a possibility, certainly not a vested interest. The deceased was expressly inhibited by the Constitution from having *ex jure mariti* any interest in the property of his wife, which "shall be and remain the *sole* and separate estate and property of such female * * * as if she were unmarried." The joinder of the husband was not to convey his title and estate, for he had none, but was merely the "written assent" required to authorize the wife's conveyance. In *Bryant v. Morris* it is stated that the Court read into the statute what was not there, for it says that it was "not within the letter" of the law. Accordingly that opinion has been distinguished and never cited and affirmed as a precedent, and the law for the last twenty-six years has been uniformly held in accordance with the plain letter of the statute. *Shields v. Smith,* 79 N. C., 517, affirmed since in *Ledbetter v. Graham,* 122 N. C., 754, which is "on all-fours" with this case, and *Bunn v. Todd,* 107 N. C., 266, which last analyses the statute and points out that no person is disqualified unless he is a party to the action, and then

only as to a personal transaction with the deceased, and
in such cases only when the other party is a personal repre-
sentative of the deceased or holds his title—neither of which
is the case here. *Shields v. Smith,* 79 N. C., 517, is also
cited with approval on this point in *Morgan v. Bunting,*
86 N. C., at p. 69, citing several cases; *Gidney v. Moore,*
86 N. C., at p. 491, also citing numerous cases. *Hawkins
v. Carpenter,* 85 N. C., 484. No point in section 590 has
been better settled. *Morris v. Bryant* was a decision, made
when the Code was new, and which stated therein that it
was contrary "to the letter of the law." As above stated,
it has not been directly affirmed since in any case, but has
been disregarded and effectually overruled by above de-
cisions.

If, however, the express provision of the law is not to
govern us, but our own conceptions of fairness, we must re-
member that the defendant L. A. McGowan testified at length
as to the whole matter and there is no provision of law dis-
qualifying her. The burden was upon her to prove pay-
ment, and it would be manifestly unfair were she to be
competent and the plaintiff incompetent against her, the
real defendant, and against Davenport, her co-defendant,
when the plaintiff is seeking no relief against the estate of
the deceased, and the estate is not a party to the action.

What effect the judgment may have against the estate of
the deceased in any future action against it by the defendant
is not before us. The plaintiff has no interest in that mat-
ter which can be served by his testimony here, and it is *his*
interest only in this action which can disqualify him, and
then only in the cases prescribed by the statute. The exe-
cution of the deed in trust and its registration are admitted
in the answer and, besides, those acts were not a "personal
transaction" between the plaintiff and the deceased. *McCall
v. Wilson,* 101 N. C., 598; *Thompson v. Onley,* 96 N. C., 9.

John C. McGowan, surety on the prosecution bond, was a competent witness for the same reasons above given as to the plaintiff. There was error, however, in permitting him to prove the declaration of G. A. McGowan, for the very reason that his personal representative not being a party, such declarations were mere hearsay. For this reason there should be a new trial.

There was no offer to make the personal representative of G. A. McGowan a party, and no exception that he was not a necessary party to this action, and that point is not before us. In *Fraser v. Bean,* 96 N. C., 327, it was held that the administrator is not a necessary party, even when the land on which the mortgage is to be foreclosed belonged to the intestate, affirming *Avirett v. Ward,* 45 N. C., 192. Here the intestate had never had any interest in it, but merely gave his marital assent to the mortgage by his wife, as above stated. It would seem, however,. that as a surety may be sued without joining the principal, the property put up as security may be subjected without such joinder, especially when, as here, the surety does not ask that the principal be made a party.