W. C. WHITE AND WIFE, KATE, v. MUMFORD GUYNN, ADMINISTRATOR OF
J. S. WHITE, DECEASED.

(Filed 17 March, 1915.)

**1. Pleadings—Verification—Judgments.**

It is held that the complaint in this case was verified substantially in
the words of the statute, and the refusal of the trial judge to render judg-
ment for the defendant on the pleadings was proper.

**2. Evidence — Deceased — Transactions, etc.—Trials—Instructions—Expres-
sions of Opinion.**

In an action on a note brought by husband and wife against the admin-
istrator of the deceased, it is incompetent for the husband to testify that
he was present at the time and saw the deceased receive the money for
the note, for this is evidence of a transaction with the deceased by an
adverse party in interest, forbidden by the statute; but where this testi-
mony has been given without objection, it is not an expression of opinion
upon the evidence for the trial judge to state the law to the jury and
remark that he would have ruled it out had it been objected to, for this
is only a caution to the jury that they should scrutinize his testimony,
and does not cast any imputation upon the truthfulness of the witness.

APPEAL by plaintiff from *Peebles, J.,* at October Term, 1914, of PAM-
LICO.

Civil action tried upon this issue:

In what amount, if any, is the defendant indebted to Mrs. Kate G.
White? Answer: "None."

From the judgment dismissing the action, the plaintiff appealed.

*D. L. Ward for plaintiff.*
*Guion & Guion, Z. V. Rawls for defendant.*

BROWN, J. The plaintiffs, W. C. White and Kate G. White, brought
this action to recover of the defendant administrator of J. S. White, de-
ceased, the sum of $500, alleged to have been loaned to the defendant's
intestate by the *feme* plaintiff.

(1) The plaintiff moved for judgment on the pleadings because the
verification of the answer was insufficient:

Mumford Guynn, administrator of J. S. White, deceased, being duly
sworn, deposes and says: That he has read the foregoing answer, and
that the same is true of his own knowledge, except as to those matters
therein stated on information and belief, and as to those, he believes it
to be true.                                    MUMFORD GUYNN.

This verification was duly sworn to before a justice of the peace. We
are of opinion that in form it is a substantial compliance with the stat-
ute; in fact, it is almost in the words of the statute. *McLamb v. Mc-
Phail,* 126 N. C., 220.

(2) There was evidence offered upon the part of the plaintiff tending to prove that Mrs. White loaned $500, as alleged in the complaint, to the defendant's intestate. The plaintiff's husband was put upon the stand for the plaintiffs and testified without objection that the deceased asked his wife to lend him the $500, and that he saw her deliver him the money, and that all three were present at the time.

The court, among other things, charged the jury as follows: "Mrs. White claims the money was loaned by her to the deceased, Joel S. White, and she introduces her husband, W. C. White, to prove the loan. W. C. White, being a party to the suit, was not a competent witness. If his testimony had been objected to, I would have ruled it out; but as it was allowed to go in without objection, it is your duty to consider it; but in considering it, you must remember that the burden of proof is upon the plaintiff to satisfy you by the greater weight of the evidence that this money was loaned. If you are not satisfied under all the circumstances that the money was loaned, then it is your duty to answer the issue 'Nothing.' "

This is excepted to as an expression of opinion upon the part of the judge. We do not think that it can be fairly interpreted as an expression of opinion sufficiently injurious to the plaintiff to justify us in directing another trial. It was a mere caution to the jury that they should scrutinize the testimony of the plaintiff's husband, as a party to the suit and having at least a moral interest in the result.

The fact that his Honor told the jury that if the testimony had been objected to he would have ruled it out as incompetent does not cast any imputation upon the truthfulness of the witness. As a matter of law, the husband, being a party to the action, was incompetent to testify to the transaction between him and his wife and the defendant's intestate. *Bunn v. Todd,* 107 N. C., 266.

We have examined the other exceptions contained in the record, and find them to be without merit.

No error.